IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN MARIE M., <br><br> Claimant, <br><br> v. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Respondent. | No. 21 C 6640 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Jean Marie M.[1] ("Claimant") appeals the final decision of Respondent Martin O'Malley,[2] Commissioner of the Social Security Administration ("Commissioner"), denying her application for disability insurance benefits. For the reasons set forth below, Claimant's Motion for Summary Judgement [ECF No. 10] is denied, and the Commissioner's Motion for Summary Judgment [ECF No. 13] is granted.

**BACKGROUND**

On May 29, 2019, Claimant filed an application for disability insurance benefits, alleging a disability beginning on March 21, 2019. (R.15). Her claim was denied initially and on reconsideration, and Claimant then requested a hearing.

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

[2] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

(R.15). Administrative Law Judge ("ALJ") Lee Lewin held a telephone hearing on February 18, 2021, which was reconvened on June 24, 2021, because the first hearing ended prematurely due to technical issues. (R.15). The ALJ then issued her decision on July 9, 2021, finding Claimant was not disabled. (R.15-26). The Appeals Council declined to review the ALJ's decision. (R.1-6). Therefore, the ALJ's decision is considered the final decision of the Commissioner. Judicial review of that final decision by this Court is authorized by the Social Security Act, 42 U.S.C. § 405(g).

## DISCUSSION

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted). Where reasonable minds could differ on the weight of evidence, the court defers to the ALJ. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021); *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020)

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

2

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

In this case at step one, the ALJ found that Claimant has not engaged in substantial gainful activity since March 21, 2019, the alleged disability onset date. (R.19). At step two, the ALJ found Claimant has the following severe impairments: multiple sclerosis; degenerative joint/disc disease of the lumbar, cervical, and thoracic spine; and peripheral neuropathy. (R.19). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R.17). The ALJ then determined Claimant has the RFC to perform sedentary work except she can: "lift and carry 20 pounds occasionally, 10 pounds frequently; stand or walk a total of about 2 hours; sit a total of about 6 hours; cannot climb ladders, ropes or scaffolds; occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and balance; and frequently finger and handle bilaterally. The

3

claimant would need the option to use a cane, and the contralateral upper extremity can be used to lift and carry up to the exertional limit." (R.23). At step four, the ALJ concluded Claimant is capable of performing her past relevant work as an order clerk, and therefore, she is not disabled. (R.31).

Claimant asserts three arguments challenging the ALJ's decision, including: (1) the ALJ did not adequately consider Claimant's mental impairments and it was error not to include any mental limitations in the RFC; (2) the ALJ did not sufficiently explain why she rejected the opinions of Claimant's treating healthcare providers; and (3) the ALJ's assessment of Claimant's subjective symptoms and complaints is not supported by substantial evidence. The Court will address each of Claimant's arguments below.

## I.

In her first argument, Claimant challenges the RFC determination, arguing the ALJ erred in finding that her mental impairments are not severe and also erred in not including any mental limitations in the RFC to account for her alleged deficits memory, concentration, and attention. Claimant's Brief [ECF No. 10], at 7-10. The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a

4

claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004) (citations omitted). Social Security regulations require that the RFC assessment be "based on all the relevant evidence in the record." *Id.* at 1001, citing 20 CFR § 404.1545(a)(1).

In this case, Claimant disagrees with the ALJ's analysis at step 2 that her mental impairments are non-severe, but Claimant has failed to show she has greater limitations than found by the ALJ as a result of any mental impairments, including her memory, concentration, and attention functionality. Nor has Claimant shown the evidence supported a contrary finding that required the ALJ to conclude Claimant has work-related mental limitations. *Borovsky v. Holder*, 612 F.3d 917, 921 (7th Cir. 2010) (holding that a court will "reverse only if the record 'compels' a contrary result") (citation omitted). Here, the ALJ specifically found:

> Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is nonsevere (20 CFR 404.1520a(d)(1)).

(R.22). In her decision, the ALJ noted that she considered all of Claimant's alleged mental impairments and symptoms at Step 2 and again when assessing the RFC and explicitly found the record did not support any mental work-related limitations. (R.23, 28, 30).

The record shows the ALJ considered the evidence Claimant relies on to support her argument that the ALJ erred. Specifically, the ALJ considered Claimant's reports of fatigue (R.21, 23-25) but also noted that, despite those reports, Claimant's medical records often reflected she was alert and oriented. (R.21, 25-26,

5

citing R.426, 448, 461, 482, 492, 509, 734, 1079, 1087). Similarly, the ALJ also noted Claimant's reported memory loss, but reasonably found that the medical records largely reflected normal memory and numerous instances when Claimant denied memory loss. (R.20, citing R.416, 418, 422, 473, 493, 867, 1087). The ALJ explained that although Claimant appeared to have a mild limitation in her short-term memory at her consultative exam, the examining psychologist Dr. Heinrichs specifically opined that it would not interfere with her ability to understand, remember, and carry out even complex instructions in many work-related activities. (R.20-21, citing R.514-15).

In the Court's view, the ALJ provided more than sufficient explanation why she found that Claimant's mental limitations are non-severe, and Claimant has not shown otherwise. The ALJ's review of the record was comprehensive and detailed. To the extent Claimant points to some abnormal findings in the record that could support her claim that her alleged fatigue and memory issues were severe, the ALJ considered that evidence, and the Court cannot re-weigh the evidence and must defer to the ALJ's well-supported finding. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). In a recent case, the Seventh Circuit reminded claimants that it is their burden to establish disability and to specifically "identify what evidence the ALJ overlooked or discounted." *Morales v. O'Malley*, 2024 WL 2794055, at *2 (7th Cir. May 31, 2024). Claimant fails to do that here. The ALJ is not required to prove a claimant can work; rather it is the claimant who is required to prove she is disabled and cannot

6

work. *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017) ("It was [claimant's] burden, not the ALJ's, to prove that she was disabled.").

In the Court's view, the ALJ did what she was supposed to do here. The ALJ considered evidence of Claimant's reported fatigue and memory issues and also reasonably considered other evidence Claimant ignores, which supported the ALJ's assessment that Claimant did not have work-related mental limitations in these areas. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (holding "an ALJ doesn't need to address every piece of evidence but he or she can't ignore a line of evidence supporting disability"). For these reasons, the Court does not find any error with the ALJ's RFC assessment, including the ALJ's finding that Claimant's mental impairments are not severe, and therefore, there is no error requiring remand.

## II.

Next, Claimant argues the ALJ did not sufficiently explain why she rejected the opinions of Claimant's treating healthcare providers, Andrew Gordon, M.D., Paul Grindstaff, M.D., and Lisa Jackson, N.P. Claimant's Brief [ECF No. 10], at 12-13. When evaluating the medical opinion evidence, an ALJ must explain "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). The factors an ALJ must consider include "supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict" the opinion or finding. *Victor F. v. Kijakazi*, 2023 WL 2429357, at *3 (N.D. Ill. Mar. 9, 2023). The ALJ's decision "must explain how she considered the factors of supportability and

7

consistency, but she is not required to explain how she evaluated the other factors." *Id.*

In this case, the consulting psychologists David Voss, Ph.D., and M.W. DiFonso, Psy.D., found that the medical evidence showed Claimant had mild limitations in the functional areas under paragraph B of concentrating, persisting, or maintaining pace and adapting and managing oneself, and no limitations in understanding, remembering, or applying information or interacting with others. (R.28 citing R.139, 157). Both psychologists agreed that because Claimant's mental impairments caused no more than mild limitations in her functioning, any impairment was non-severe, and they did not assess any related functional limitations. (R.139-40, 157-59).

Similarly, after examining Claimant and considering her reports of multiple sclerosis and mental health symptoms, including fatigue, the examining psychologist Kenneth Heinrichs, Ph.D., found that Claimant had a mild limitation in her short-term memory, but opined that it would not interfere with her ability to understand, remember, and carry out even complex instructions in many work-related activities; her understanding, persistence, and sustained concentration were normal; her social interaction was appropriate; and she would likely be able to adjust to changing expectations of many work settings. (R.514-15).

The ALJ discussed the opinions of Dr. Voss, Dr. DiFonso, and Dr. Heinrichs and concluded they were persuasive. (R.27-28). The ALJ explained that Dr. Heinrichs supported his opinion with his examination, and Dr. Voss and Dr. DiFonso supported

8

their findings with references to record evidence, including the opinion of Dr. Heinrichs. (R.27-28, 139-40, 157-59, 514-15). The ALJ went on to explain that these opinions were generally consistent with the medical records that reflected only conservative treatment for Claimant's mental health symptoms. (R.28). The ALJ also found that Claimant's mental status examinations generally were normal with the exception of some fluctuations in mood or affect and also noted that many of Claimant's records showed normal mood and affect. (R.28; *see also* R.416, 426, 448, 454, 461, 509, 541-15, 640, 657, 952). In the Court's view, the ALJ complied with the regulations and reasonably relied on the opinions of Dr. Voss, Dr. DiFonso, and Dr. Heinrichs, who all concluded that Claimant did not have any work-related mental limitations. (R.27-28; *see also* R.139-40, 157-59, 514-15).[3]

The ALJ also discussed the findings and opinions of Claimant's treating healthcare providers, including Nurse Jackson, Dr. Gordon, and Dr. Grindstaff. (R.29-30). After that discussion, the ALJ concluded:

> The undersigned finds the above opinions from Lisa Jackson, N.P., Andrew Gordon, M.D., and Paul Grindstaff, M.D., to all be not persuasive. These professionals provided their opinions on checkbox forms that offered little narrative in support. The narrative statements that were provided were brief and broad in nature. No specific examination findings from examinations within the period at issue were discussed in any significant detail. While the above professionals were

---

[3] The Court also notes that there is other opinion evidence in the record that relates more to Claimant's physical abilities and limitations. Because Claimant does not specifically challenge the ALJ's findings and RFC assessment of Claimant's physical limitations, the Court does not need to address those findings. The Court, however, notes that the ALJ discussed the findings of Roopa Karri, M.D., who performed a physical consultative examination of Claimant and found Dr. Karri's opinion to be "somewhat persuasive" and included a limitation in the RFC that allowed for Claimant to have "the option to use a cane." (R.23, 27). The ALJ also found the opinion of Ranga Reddy, M.D., a state agency consultant, to be "overall persuasive" as to Claimant's physical abilities and limitations. (R.28).

> treating healthcare providers, they did not all examine the claimant throughout the period at issue. Moreover, their opinions are not consistent with the current record as a whole. Like the claimant's subjective complaints, the above opinions are overly excessive when compared to the objective findings. For instance, while the claimant has had some reduced strength in her extremities during some examinations, the reduction has not been consistently low enough to justify a restriction in weight to less than light exertional work. Her physical treatment has largely been conservative in nature, mostly consisting of medication and some diagnostic testing. Any hand tremors have been generally mild, and her numbness/tingling has not been revealed to be objectively limiting her to any substantial degree. While there is some mention of abnormal gait, her cane usage has not been consistent. [Citations omitted]. Additionally, although the claimant has endorsed being fatigued and having poor concertation, she was largely objectively alert and oriented throughout her examinations. Her mental health statuses have been generally objectively normal overall.

(R.30). The ALJ provided specific reasons for not finding these opinions persuasive, including that the providers offered little narrative support for their opinions and they did not cite to examination findings or other objective support for their more extreme opinions on Claimant's limitation. (R.30). These are valid reasons to find the opinions are not well supported, and Claimant does not offer any persuasive evidence to undermine the ALJ's assessment.

The Court finds the ALJ's decision to adopt the medical opinions of the consulting and examining psychologists, over the more extreme opinions of her healthcare providers, was reasonable. *Liskowitz v. Astrue*, 559 F.3d 736, 742 (7th Cir. 2009) ("Faced with competing opinions, the ALJ had to decide which opinion to credit," and the Court "cannot say, as a matter of law, that the ALJ made the wrong choice here."). The ALJ supported her analysis with an explanation tied to the record, and that is what is required. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (holding that ALJ need only "minimally articulate" reasons for giving little weight to

doctor's opinion). Claimant's argument essentially asks the Court to reweigh the evidence and reach a different conclusion in her favor. The law, however, is clear that the Court cannot "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Rather, the Court reviews the ALJ's decision "to determine whether it reflects an adequate logical bridge from the evidence to the conclusions," and a remand is warranted "only if the record compels a contrary result." *Id.* (internal quotation marks omitted). Under this deferential standard of review, the Court finds the ALJ built an adequate logical bridge from the evidence to her conclusion that the opinions of Claimant's treating healthcare providers were not persuasive, and therefore, remand is not required.

## III.

Claimant's last argument challenges the ALJ's assessment of her subjective symptoms and complaints. Claimant's Brief [ECF No. 10], at 14-15. "Social Security Regulation 16-3p outlines a two-step process for an ALJ to follow when evaluating a claimant's subjective symptoms. First, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce his or her symptoms. Next, the ALJ must evaluate the intensity, persistence, and functionally limiting effects of the individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." *Maria S. v. Kijakazi*, 2023 WL 7130376, at *7 (N.D. Ill. Oct. 30, 2023) (internal quotation marks and citations omitted). The ALJ "must explain her subjective

11

symptom evaluation in such a way that allows the Court to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *Charles B. v. Saul*, 2020 WL 6134986, at *6 (N.D. Ill. Oct. 19, 2020) (internal quotation marks and brackets omitted). And the standard is clear that a court can overturn an ALJ's evaluation of a claimant's subjective symptom allegations only if it is patently wrong." *Id.* (internal quotation marks omitted).

In the Court's view, the ALJ's evaluation of Claimant's subjective symptoms and complaints in this case is not patently wrong. The ALJ specifically concluded:

> [T]he evidence shows that the claimant sought treatment for various bodily pains. These pains were attributed to several conditions, including multiple sclerosis (MS), spinal disorders, and peripheral neuropathy. The claimant was also noted to have a chronic pain syndrome. However, the claimant was not demonstrated to be substantially limited in her objective physical functioning, though she had some deficits. Nonetheless, overall, her subjective complaints often tended to be more limiting than her objective findings.

(R.24). The ALJ permissibly considered the extent to which Claimant's complaints about pain and other alleged limitations were inconsistent with other medical evidence in the record. *See Tina S. v. Kijakazi*, Case No. 3:21-cv-50167, 2022 WL 3700837, at *3 (N.D. Ill. Aug. 26, 2022). The ALJ gave valid reasons and provided sufficient explanation for not fully crediting Claimant's subjective symptom allegations, including: (1) "the claimant's activities of daily living do not fully support the subjective complaints made by the claimant"; (2) "the objective medical record as a whole does not support the alleged severity of the claimant's impairments"; and (3) "the claimant was not demonstrated to be substantially limited in her objective physical functioning, though she had some deficits." (R.24). Of note, the ALJ seems

12

to have credited Claimant's complaints about fatigue in part by limiting her to sedentary work and finding that she must avoid work that involved climbing ropes, ladders, and scaffolds. (R.23).

The Seventh Circuit has stated that it "would not reverse the credibility determination as long as the ALJ provided at least one reason to support the finding." *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021). Here, the ALJ has provided multiple reasons to support her findings in this case. This Court will not, and cannot under the law, second guess the ALJ's conclusion. For these reasons, the Court is not persuaded by Claimant's final argument and finds that the ALJ's assessment of Claimant's subjective complaints is supported by the record in this case.

## CONCLUSION

For the reasons set forth above, Claimant's Motion for Summary Judgement [ECF No. 10] is denied, and the Commissioner's Motion for Summary Judgment [ECF No. 13] is granted. The decision of the Commissioner is affirmed.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 27, 2024